UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. BOWLER JR,<br><br>    Plaintiff,<br><br>    v.<br><br>HOME DEPOT USA INC,<br><br>    Defendant.<br>_____/ | No. C-09-05523 JCS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br>**[Docket No. 31]** |

## I.   INTRODUCTION

Plaintiff, William J. Bowler, filed a Motion for Leave to File First Amended Complaint and Motion to Amend Scheduling Order ("Motion to Amend") on July 1, 2010.  Plaintiff's original form complaint charged Defendant with negligence in maintaining a dangerous display of PVC pipes and sought damages exceeding $25,000.  Pl.'s Compl. at 1, 4-5.  The proposed First Amended Complaint ("FAC") sets out the original premises liability and general negligence claims in more detail, adds a request for injunctive relief under each claim, and adds a new claim for injunctive relief under California Business and Professions Code Section 17200 (the "Unfair Competition Law" or "UCL") in Plaintiff's individual and representative capacities.  Plaintiff also seeks to amend the Case Management and Pretrial Order of March 2, 2010 ("Scheduling Order") only "in so far as required to make a motion for leave to file an amended complaint."  Pl.'s Memorandum of Points and Authorities in Support of Motion to Amend at 2.  The parties have consented to the jurisdiction of this Court.

For the reasons explained more fully below, the Court DENIES Plaintiff's motion for leave to amend his complaint to add a claim under the UCL and GRANTS leave to add prayers for injunctive relief.  The court GRANTS Plaintiff's motion with respect to the First and Second claims

for premises liability and general negligence insofar as they seek relief in the form of damages. The Court DENIES Plaintiff's motion to alter the Scheduling Order.

## II. BACKGROUND

### A. Factual Background

On August 12, 2008, Plaintiff went shopping at a Home Depot store on Orchard Avenue in Ukiah, California. FAC at ¶6. While Plaintiff was on the premises, a heavy metal pipe fell from a PVC storage bin above the Plaintiff and hit him in the head. *Id.* at ¶¶6, 20. As a result, Plaintiff suffered a concussion that caused him pain and suffering and left him with other lasting symptoms. *Id.* at ¶14. Specifically, Plaintiff has suffered a permanent personality change, a decrease in memory, severe headaches, neck and shoulder pain, and impaired peripheral vision. *Id.* Plaintiff's doctors consider the above symptoms to be "permanent and non-treatable." *Id.* at ¶9. Plaintiff has already incurred approximately $10,008 in medical expenses as a result of the accident and expects to incur further medical expenses in the future. *Id.* at ¶15.

Plaintiff alleges that Home Depot's storage bin lacked appropriate safety features and was unreasonably dangerous, despite the availability of simple and inexpensive precautions. *Id.* at ¶¶10, 13. Plaintiff also alleges that Home Depot overstocked the bins in a manner that rendered them unsafe. *Id.* at ¶19. Plaintiff has identified one other Home Depot store with similar storage practices. *Id.* at ¶34.

Plaintiff, formerly a licensed electrician, works on many projects around his home and continues to visit the Home Depot store in Ukiah for supplies. *Id.* at ¶21. He states that no changes have been made to the PVC display bins since his accident. *Id.*

### B. Procedural History

Plaintiff filed the instant personal injury action against Defendant, Home Depot USA, Inc., in Mendocino County Superior Court on October 27, 2009. Pl.'s Compl. at 1. On November 20, 2009, Defendant removed the case to federal court. Both parties subsequently consented to magistrate jurisdiction. On March 2, 2010, the court issued the Scheduling Order designating October 20, 2010 as the last day of discovery and May 2, 2011 as the date of trial. Scheduling Order at 1-2. On July 1, 2010, Plaintiff moved for leave to amend the complaint and Scheduling Order. Plaintiff's proposed FAC seeks to: 1) allege the original premises liability and general negligence claims in

greater detail, 2) add a request for injunctive relief under each theory, and 3) add a claim for injunctive relief under the UCL in Plaintiff's individual and representative capacities. A hearing was held on the motion on August 27, 2010.

### III.   LEGAL STANDARDS

#### A.   Amending the Complaint Pursuant to Rule 15(a)

Once twenty-one days have passed since service of the responsive pleading, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). In the Ninth Circuit, the permissive standard of Rule 15 is "to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001). However, leave to amend should not be "granted automatically." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). Rather, courts in the Ninth Circuit consider five factors in determining whether to grant leave to amend: 1) bad faith, 2) undue delay, 3) prejudice to the opposing party, 4) futility, and 5) any previous opportunities to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962)*; Ahlmeyer v. Nevada Sys. of Higher Educ.*, 555 F.3d 1051, 1055 (9th Cir. 2009); *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). It is well-established that "futility of amendment alone can justify the denial of a motion." *Ahlmeyer*, 555 F.3d at 1055*; Buckley*, 356 F.3d at 1077; *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). A proposed amendment is futile if it would not survive a motion to dismiss for failure to state a claim. *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir.1988) ("[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim."); *Miller v. Facebook, Inc.*, No. C 10-00264 WHA, 2010 WL 2198204, at *3 (N.D. Cal. May 28, 2010). An amendment is also futile if the Plaintiff lacks standing to bring it. *Bibo v. Fed. Exp. Inc.*, No. C07-2505 TEH, 2010 WL 1688549, at *3 (N.D. Cal. Apr. 26, 2010) (concluding that "the proposed amendment adding a new cause of action would be futile because Plaintiffs lack standing to pursue the proposed new claim").

#### B.   Standing to Request Injunctive Relief

A plaintiff "bears the burden of showing that he has standing for each form of relief sought." *Summers v. Earth Inst.*, 129 S.Ct. 1142, 1149 (2009); *Clark v. City of Lakewood*, 259 F.3d 996, 1006 (9th Cir. 2001). "A determination that a plaintiff has standing to seek damages does not ensure that

the plaintiff can also seek injunctive or declaratory relief." *Clark*, 259 F.3d at 1006. In order to have standing to pursue injunctive relief, a plaintiff must demonstrate a threat that is "actual and imminent, not conjectural and hypothetical." *Summers*, 129 S.Ct at 1149. Although past harm may be relevant to the likelihood of recurrence, "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects.'" *Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) (citing *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974)). Regardless of any past injuries suffered, a plaintiff must show a "real and immediate" threat of future harm in order to demonstrate standing to seek injunctive relief. *See Lyons*, 461 U.S. at 102; *see also Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998 (9th Cir. 2004) (reversing district court award of injunctive relief against insurance company on UCA (Unfair Competition Act) claim for lack of Article III standing where there was no real or immediate threat of irreparable injury).

### C. Amending the Scheduling Order Pursuant to Rule 16(b)(4)

Once issued, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In the Ninth Circuit, the "good cause" inquiry "focuses on the reasonable diligence of the moving party." *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1174 n.6 (9th Cir. 2007).

## IV. ANALYSIS

### A. Premises Liability and General Negligence Claims

In its Opposition to Plaintiff's Motion to Amend ("Opposition"), Defendant contests only Plaintiff's UCL claim and prayers for injunctive relief. Because Plaintiff's motion is unopposed with respect to its claims for damages under premises liability and general negligence theories, the Court GRANTS that portion of Plaintiff's Motion to Amend.

### B. UCL Claim – California Business & Professions Code §17200

With respect to the UCL claim, Defendant argues that leave to amend should be denied due to prejudice, undue delay, and futility. Opposition at 2. Defendant argues that he will be prejudiced if Plaintiff is allowed to file an amended complaint to add a UCL claim because amendment will require Defendant to defend "merchandising operations in more than 2,000 stores throughout the country, involving claimed 'injuries' to an untold number of persons claimed to be represented by

4

Plaintiff." *Id.* at 3. Amendment to add a UCL claim will change the case significantly, requiring new and different discovery, experts and motions. *Id.* Regarding undue delay, Defendant contends that Plaintiff has offered no new facts nor has he provided any justification for his delay in seeking to amend his complaint "to add significant and substantially different claims at such a late date." Opposition at 4. Plaintiff can offer no reason for adding a claim for nationwide injunctive relief ten months after the original complaint was filed. *Id.* at 5. The Court agrees that amending the complaint at this late date would prejudice Defendant, and further, that Plaintiff has offered no justification for the significant delay in seeking to add a claim under the UCL that would essentially transform this case into a class action against Defendant.

The Court also concludes that amendment to add a UCL claim would be futile and therefore denies Plaintiff leave to amend on this ground. Defendant argues that amendment is futile because: 1) the underlying laws Plaintiff "borrows"[1] in alleging a UCL violation do not apply to Plaintiff; 2) negligence cannot serve as the basis for a UCL allegation; 3) Plaintiff has no standing under the UCL; 4) Plaintiff has no Article III standing to pursue injunctive relief; and 5) Plaintiff's representative claims are void for failing to comply with class action requirements. *Id.* Because the Court finds that Plaintiff lacks standing under the UCL, the Court declines to address Defendant's other arguments in opposition to this claim.

An individual is only authorized to bring suit under the UCL if he has "suffered injury in fact and has lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code §17204. Plaintiff alleges physical and psychiatric injuries as a result of the accident, including headaches, neck and shoulder pain, irritability, and forgetfulness. FAC at ¶14. Such symptoms do not constitute a loss of money or property. *See Katz v. Cal-Western Reconveyance Corp.*, No. 5:09-cv-04866-JF, 2010 WL 424453, at *5 (N.D. Cal. Jan 27, 2010) (finding that "anxiety and emotional distress" did not constitute the "loss of money or property contemplated by the UCL").

Plaintiff *does* allege monetary damages in the form of medical bills, which arguably could comply with the broad language of the UCL. However, California courts interpret the UCL to grant

---

[1] Under the "unlawful prong," violations of other laws are "unlawful practices" that are actionable under the UCL. California Business and Professions Code § 17204.

standing only where the "lost money or property" is subject to restitution.[2] *Citizens of Humanity, LLC v. Costco Wholesale Corp.*, 171 Cal.App.4th 1, 22, 89 Cal.Rptr.3d 455, 473 (2d Dist. 2009) ("As [plaintiff] could not allege having suffered losses which would entitle it to restitution, it has no standing to pursue a cause of action for unfair competition."); *Buckland v. Threshold Enters. Ltd.*, 155 Cal.App.4th 798, 817, 66 Cal.Rptr.3d 543, 557 (2d Dist. 2007) ("Because remedies for individuals under the UCL are restricted to injunctive relief and restitution, the import of the requirement is to limit standing to individuals who suffer losses of money or property that are eligible for restitution."); *See Walker v. Geico Gen. Ins. Co.*, 558 F.3d 1025, 1027 (9th Cir. 2009) (finding that because defendants had no money or property belonging to plaintiff, plaintiff could not state a claim for restitution and thus lacked standing under the UCL); *Sullins v. Exxon/Mobil Corp.*, No. C 08-04927 CW, 2010 WL 338091, at *4 (N.D. Cal. Jan. 20, 2010) (explaining that "standing to bring a UCL claim is limited to individuals who suffer losses of money or property that are eligible for restitution"). The requirement that the "lost money or property" be subject to restitution applies even though Plaintiff seeks only an injunction.[3] *Sullins,* 2010 WL 338091, at *4 ("Because Plaintiffs are not entitled to restitution, they lack standing to bring a claim for injunctive relief under the UCL."). Restitution is defined by the element of "unjust enrichment," whereby a person "receives a benefit at another's expense." *Troyk v. Farmers Gp., Inc.*, 171 Cal.App.4th 1305, 1339, 90 Cal.Rptr.3d 589, 617 (4th Dist. 2009) (citing *County of Solano v. Vallejo Redev. Agency*, 75 Cal.App.4th 1262, 90 Cal.Rptr.2d 41 (1st Dist. 1999)).

In the present case, Plaintiff's "lost money" went to medical practitioners and did not unjustly enrich the Defendant.[4] FAC at ¶15. The California Supreme Court has explained that tort damages are compensatory and not restitutionary by nature. *Cortez v. Purolator Air Filtration*

---

[2] Because this is an action in diversity, the court looks to California case law in interpreting the UCL. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

[3] Remedies under the UCL are limited to injunctive relief and restitution. *Buckland,* 155 Cal.App.4th at 817.

[4] The money does not have to be paid directly to Defendant in order to be subject to restitution, but the element of unjust enrichment must still be present. *Hartless v. Clorox Co.*, 2007 WL 3245260, at *7-8 (S.D. Cal. Nov. 2, 2007) (plaintiff bought defendant's product through a third party retailer); *Troyk*, 90 Cal.Rptr.3d at 1348 (defendant was parent company of third party who received plaintiff's payments). *Sullins* distinguished *Troyk* because the plaintiffs in *Sullins* did not allege any "special relationship" between the defendants and the third party who received their payments. *Sullins*, 2010 WL 338091, at *4.

*Prods. Co.*, 999 P.2d 706, 713 (Cal. 2000) ("A damages award in a negligence action in tort may include monetary compensation for lost wages, pain and suffering, physical injury, and property damage. . . . That damage award would not include an element of restitution."). The court emphasized that a UCL action "is not an all-purpose substitute for a tort or contract action." *Id.* at 712. Because the money Plaintiff has allegedly lost is not subject to restitution, he lacks standing to bring a claim for injunctive relief under the UCL.[5] Thus, the court finds that amending the complaint to add a claim under the UCL would be futile.

Accordingly because Plaintiff's delay in seeking to amend the Complaint to add a claim under the UCL would unduly prejudice Defendant, and Plaintiff has offered no new facts or justification for the delay, the Court DENIES Plaintiff's motion to amend to add a claim under the UCL. In addition, the Court denies Plaintiff's motion to amend because amendment to add a claim under the UCL would be futile.

**C.     Article III Standing for Injunctive Relief**

Defendant also challenges Plaintiff's Article III standing to request injunctive relief under his premises liability and general negligence claims. Opposition at 11. The Court agrees that Plaintiff lacks standing to pursue a nationwide injunction under the facts as alleged in the FAC. First, Plaintiff has not alleged that he has ever visited or plans to visit other Home Depot stores besides the ones in Ukiah and Windsor. FAC at ¶¶8, 21. Because it is not clear if Plaintiff will ever set foot in those stores, the chance of his suffering an injury in one is speculative at best. *See D'Lil v. Best W. Encina Lodge & Suites,* 538 F.3d 1031, 1037 (9th Cir. 2008) (explaining that in order to have Article III standing, ADA plaintiff must demonstrate intent to return to the defendant's establishment in the future); *see also, Hangarter*, 373 F.3d at 1021 (Article III standing requires imminent threat of harm, not potential harm that is conjectural or speculative).

With respect to the Ukiah and Windsor stores, Plaintiff has alleged sufficient facts that could support a finding that the chance of another accident is either "actual and imminent" or "real and

---

[5] In his reply, Plaintiff focuses on the first requirement for standing – "injury in fact" – under Cal. Bus. & Prof. Code §17204, and argues that he has in fact suffered a serious injury. The Court accepts Plaintiff's allegations regarding his injuries as true. However, Plaintiff's argument ignores controlling authority regarding the second standing requirement under the UCL – the "lost money or property" requirement, which requires that the money lost be subject to restitution.

immediate." *Summers*, 129 S.Ct. at 1149.  Accepting as true Plaintiff's allegations that the display racks are dangerous and that he plans to return to the Ukiah and Windsor stores regularly, Plaintiff has alleged sufficient facts to support a finding that he is likely to suffer the same accident if the allegedly dangerous condition at these stores is not repaired.[6]  Accordingly, the Plaintiff's motion to amend his complaint to add claims for injunctive relief against the Windsor and Ukiah stores is GRANTED.

### D. Amending the Scheduling Order

The permissible amendments to Plaintiff's complaint merely add detail to the original premises liability and general negligence claims and add injunctive relief to the prayer for relief. They do not alter the factual or legal basis of the case, nor the nature of discovery that will be required by either party.  Thus, it is not necessary to amend the Scheduling Order.  Because there is no "good cause" under 16(b)(4), Plaintiff's request to amend the Scheduling Order is DENIED.

## V. CONCLUSION

For the foregoing reasons, the court DENIES Plaintiff leave to amend his complaint to add a claim under the UCL and GRANTS his motion to amend to add prayers for injunctive relief as to the Ukiah and Windsor stores only.  The court GRANTS Plaintiff's motion with respect to the First and Second claims insofar as they seek relief in the form of damages.  The Court DENIES Plaintiff's motion to amend the Scheduling Order.

**IT IS SO ORDERED.**

Dated: September 13, 2010

JOSEPH C. SPERO
United States Magistrate Judge

---

[6] There is a dearth of case law addressing the issue of standing to seek injunctive relief in the personal injury/products liability context.  In the ADA context, courts in this circuit have recognized standing where the plaintiff demonstrates that he intends to return to the establishment where he was denied access, or that he would return if the discriminatory condition were ameliorated.  *See, e.g., Molski v. Arby's Huntington Beach*, 359 F.Supp.2d 938 (C.D. Cal. 2005) (noting that "other cases addressing the standing of ADA plaintiffs seeking injunctive relief have similarly required a plaintiff to show past injury with an intention to return to the public accommodation").