UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. BOWLER JR, | No. C-09-05523 JCS |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANTS'** |
| | **MOTION FOR PARTIAL SUMMARY** |
| | **JUDGMENT** |
| HOME DEPOT USA INC, | **[Docket No. 69]** |
| Defendant. | |
| _____/ | |

## I.     INTRODUCTION

In this personal injury lawsuit, Plaintiff charges Defendant with negligence in maintaining a display of PVC pipes at one of its Home Depot stores and seeks damages and injunctive relief. Defendant now moves for Partial Summary Judgment on the grounds that Plaintiff cannot establish the elements necessary to obtain a permanent mandatory injunction.  Pursuant to Local Rule 7-1(b), the Court finds this matter suitable for determination without oral argument.

For the reasons explained more fully below, the Court GRANTS Defendant's motion for Partial Summary Judgment.

## II.     BACKGROUND

### A.     Factual Background[1]

This case is a personal injury lawsuit arising from an allegedly unreasonably unsafe condition in a PVC display rack at the Ukiah Home Depot store.  JSUF 1.  Plaintiff claims that a piece of PVC pipe fell from a display and struck him on the head.  JSUF 2.

According to the Complaint, Plaintiff alleges that Home Depot's storage bin lacked appropriate safety features and was unreasonably dangerous, despite the availability of simple and inexpensive precautions.  Compl. ¶¶10, 13.  Plaintiff also alleges that Home Depot overstocked the

---

[1]The following statement of facts is taken from the parties' Joint Statement of Undisputed Facts (hereafter "JSUF"), filed on January 7, 2011, unless otherwise noted.

1  bins in a manner that rendered them unsafe.  *Id.* at ¶19.  Plaintiff has identified one other Home

2  Depot store with similar storage practices – the Windsor Home Depot store.  *Id.* at ¶34.  Plaintiff,

3  formerly a licensed electrician, alleges that he works on many projects around his home and

4  continues to visit the Home Depot store in Ukiah for supplies.  *Id.* at ¶21.  He alleges that no

5  changes have been made to the PVC display bins since his accident.  *Id.*  Plaintiff has submitted a

6  declaration of his safety expert, Dale Fietz, P.E., who examined the PVC pipe display at the Ukiah

7  store and opines that the rack design at the Ukiah store is unsafe and that displaying the PVC pipes

8  in a different manner would be safer.  *See* Declaration of Dale Fietz, P.E., ("Fietz Decl.").  He offers

9  no opinions as to the likelihood of a future accident.  Plaintiff's expert also offers no opinion as to

10  the safety of the display at the Windsor store specifically.  Plaintiff believes that placing the

11  protective "M" or butterfly bars higher up toward the top of the PVC pipe display racks would

12  eliminate the possibility that one of the pipes would slide out and strike a customer.  Declaration of

13  William Bowler ¶ 4.

14          Defendant denies that the conditions at its stores are unsafe and has submitted the report of

15  its own expert Frank Perez, Ph.D., who opines that based upon his experience and training in

16  mechanical engineering, the current rack design is "reasonably safe" and that "it is highly unlikely

17  that the circumstances needed for this accident to happen would occur, and it would be exceedingly

18  rare for another accident such as this one to occur."  Declaration of Frank Perez, Ph.D., ¶¶ 6, 7

19  ("Perez Decl.").

20          The parties agree that the PVC rack at issue in this case contains 10 foot long PVC pipe

21  stacked vertically within racked areas separated by M-shaped partitions, and then stowed leaning in

22  a vertical configuration.  JSUF 13.

23          It is undisputed that in the past five years there were no other similar PVC pipe accidents at

24  the Ukiah or Windsor Home Depot stores.  JSUF 2.  From three years prior to the accident involving

25  Plaintiff, in all of the California Home Depot Stores, there were *three* other accidents involving PVC

26  pipes that might have been similar to the circumstances of Plaintiff's accident.  JSUF 3.  As of 2008,

27  there were 230 Home Depot Stores in California.  JSUF 4.  This is an accident rate of one per store

28  every 230 years.

1    It is undisputed that Plaintiff had been to the Windsor Home Depot PVC display only three

2    or four times prior to his accident.  JSUF 10.  It is also undisputed that the accident that is the

3    subject of this lawsuit is the only accident Plaintiff has been in involving PVC pipe falling onto him

4    from racking.  JSUF 12.  Finally, it is undisputed that Plaintiff is not obligated to purchase PVC pipe

5    from the Ukiah Home Depot stores.  JSUF 7.  Plaintiff will not buy PVC pipe from Home Depot

6    again unless and until his expert's recommended changes to the pipe display are implemented.

7    JSUF 8.

8    **B.    Procedural History**

9    Plaintiff filed the instant personal injury action against Defendant, Home Depot USA, Inc., in

10   Mendocino County Superior Court on October 27, 2009.  Pl.'s Compl. at 1.  On November 20, 2009,

11   Defendant removed the case to federal court.  Both parties subsequently consented to magistrate

12   jurisdiction.  On March 2, 2010, the court issued the Scheduling Order designating October 20, 2010

13   as the last day of discovery and May 2, 2011 as the date of trial.  Scheduling Order at 1-2.  On July

14   1, 2010, Plaintiff moved for leave to amend the complaint and Scheduling Order.  In the motion,

15   Plaintiff's sought to amend his Complaint in order to: 1) allege the original premises liability and

16   general negligence claims in greater detail, 2) add a request for injunctive relief under each theory,

17   and 3) add a claim for injunctive relief under the UCL in Plaintiff's individual and representative

18   capacities.  A hearing was held on the motion on August 27, 2010, after which the Court issued an

19   order granting in part and denying in part Plaintiff's request.  The court denied Plaintiff leave to

20   amend his complaint to add a claim under the UCL and granted his motion to amend to add prayers

21   for injunctive relief as to the Ukiah and Windsor stores only.  The court also granted Plaintiff's

22   motion with respect to the First and Second claims insofar as they seek relief in the form of

23   damages.  **III.        LEGAL STANDARDS**

24   **A.    Legal Standard – Summary Judgment Pursuant to Rule 56**

25   Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment "shall be

26   rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file,

27   together with affidavits, if any, show that there are no genuine issues as to any material fact and that

28   the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  A "genuine"

issue of material fact exists if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In order to prevail, a party moving for summary judgment must show the absence of a genuine issue of material fact with respect to an essential element of the nonmoving party's claim, or to a defense on which the nonmoving party will bear the burden of persuasion at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also Nissan Fire & Marine Ins. Co. v. Fritz Cos. Inc*., 210 F.3d 1099 (9th Cir. 2000). Once the movant has made this showing, the burden shifts to the party opposing summary judgment to "designate specific facts showing there is a genuine issue for trial." *Celotex*, 477 U.S. at 323. To establish a "genuine" issue of fact when opposing summary judgment, a plaintiff must "produce at least some significant probative evidence tending to support" the allegations in the complaint. *Smolen v. Deloitte, Haskins & Sells*, 921 F.2d 959, 963 (9th Cir. 1990). The Court need not "scour the record in search of a genuine issue of material fact." *Keenan v. Allen*, 91 F.3d 1275, 1279 (9th Cir. 1996).

Rule 56(d) further provides that if "judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleading and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy ... and directing such further proceedings in the action as are just." Fed.R.Civ.P. 56(d). Rule 56 thus "'authorizes a summary adjudication that will often fall short of a final determination, even of a single claim.'" *Lies v. Farrell Lines Inc.*, 641 F.2d 765, 769 n. 3 (9th Cir. 1981) (quoting 6 Moore's Federal Practice ¶ 56.20(3.-2) (2d ed.1976)). The purpose of summary adjudication is to "'avoid a useless trial of facts and issues over which there was really never any controversy and which would tend to confuse and complicate a lawsuit.'" *Id.* (citation omitted).

### B.    Legal Standard – Permanent Injunction

A party seeking a permanent injunction must satisfy the following four factors before the district court may grant a permanent injunction: 1) The existence of irreparable injury (including a continuing and imminent threat of harm); 2) remedies at law are inadequate to compensate for that

1    threat of harm; 3) whether the balance of hardships between plaintiff and defendant tips in favor of a

2    remedy in equity; and 4) the public interest would not be disserved by a permanent injunction.

3    *Monsanto Co. v. Geertson Seed Farms,*130 S.Ct. 2743 (2010), *citing eBay Inc. v. MercExchanges*,

4    *L.L.C.*, 547 U.S. 388, 391 (2006).

5    **IV.     ANALYSIS**

6         **A.     Whether There Exists any Irreparable, Immediate, Continuing Harm**

7         In order to prevail on the question of whether there exists an immediate threat of irreparable

8    injury, a plaintiff must do more than raise the possibility of future harm.  The plaintiff bears the

9    burden of demonstrating that the threat of future harm is immediate – as opposed to the mere

10   possibility of harm at some point in the future.  *Caribbean Marine Servics. Co., Inc. v. Baldridge*

11   844 F.2d 668, 674 (9th Cir. 1988).  Past harm alone is insufficient; the harm must be sufficiently

12   likely to reoccur in the future.  *Kruse v. State of Hawaii*, 68 F.3d 331, 335 (9th Cir. 1995).  In

13   addition, a plaintiff's burden may not be satisfied by a subjective showing.  *Cf. Preiser v. Newkirk*,

14   422 U.S. 395, 402-03 (1975) (in context of mootness, plaintiff's subjective fear that the injury might

15   reoccur not sufficient to demonstrate capability of repetition of an injury).

16        In the present case, the Court concludes that Plaintiff has not made an adequate showing of

17   any likelihood of imminent irreparable injury.  At best, the evidence submitted by Plaintiff

18   demonstrates *some* possibility of another accident involving the PVC pipe racks at the Ukiah Home

19   Depot Store.  The undisputed evidence submitted by the parties establishes that in the past five

20   years, there were no other similar PVC pipe accidents at the Ukiah or Windsor Home Depot stores.

21   JSUF 2.  Further, from three years prior to the accident involving Plaintiff, there were only three

22   other accidents involving PVC pipes that might have been similar to the circumstances of Plaintiff's

23   accident out of all of the Home Depot stores in the entire state of California.  JSUF 3.  As of 2008,

24   there were 230 Home Depot Stores in California.  JSUF 4.  The parties also agree that, other than the

25   incident in the present case, Plaintiff has never had PVC piping fall from racking at a Home Depot

26   Store.  JSUF 12.  Thus, the undisputed evidence presented to the Court demonstrates that the chance

27   of another similar injury due to the Defendant's placement and storage of its PVC pipes in the two

28   stores at issue in this case, the Windsor and Ukiah stores, can only be described as remote.

1    Plaintiff has submitted the declaration of his expert, Dale Fietz, P.E., and photos of the PVC

2 display at the Ukiah Home Depot store where Plaintiff was injured, and photographs of the PVC

3 display at the Home Depot in Windsor.  Mr. Fietz opines that the current PVC pipe rack design is

4 unsafe and that a modified design similar to one found in the Rohnert Park Home Depot store would

5 be safer.  *See* Declaration of Dale Fietz, P.E., Exhibits A-F.  For purposes of this motion, the Court

6 accepts these factual allegations as true, *i.e.*, that the current design is unsafe and that a different

7 design would be safer.  The design evidence, however, is not sufficient to establish a threat of

8 immediate recurrence of the accident in question – especially in light of the undisputed evidence that

9 only 3 other such accidents occurred in the three years prior to Plaintiff's accident (and none has

10 occurred since) at 230 stores.  Even Plaintiff's expert does not opine on the likelihood of

11 recurrence.[2]  Plaintiff's claim for injunctive relief fails because he has failed to demonstrate any real

12 risk of a similar accident occurring in the immediate future.[3]

13    **B.    Whether Money Damages are an Adequate Remedy**

14    A district court may properly deny a request for an injunction where money damages can

15 adequately compensate the plaintiff.  *Armour & Co. v. Dallas*, 255 U.S. 280, 293 (1921).  The

16 general rule is that injunctions will rarely be granted where damages provide a suitable remedy.

17 *Flynt Distributing Co., Inc. v. Harvey*, 734 F.2d 1389, 1395 (9th Cir. 1984) (injunction improper

18 even though plaintiff claimed threatened transfer of assets would render any money judgment

19 ineffectual).

20

21    [2]Indeed, in an email communication attached as Exhibit F to his declaration, Mr. Fietz describes the

22 current pipe rack design as follows: "At best it may prevent most pipe from falling out of the rack, but under some remote conditions could still allow one to topple out."  Mr. Fietz's characterization of the

23 conditions under which an accident could occur as "remote" undermines Plaintiff's argument that there is any serious risk of future harm.

24

25    [3]Plaintiffs' reliance upon cases in the ADA context and his request to "extend the doctrine to personal injury actions such as this one" is unpersuasive.  *See* Plaintiff's Opposition at 10-11 (arguing that his desire to return to the Windsor and Ukiah Home Depot Stores at some point in the future coupled with

26 his past injury are sufficient to establish imminent future harm requirement for injunctive relief). Cases

27 involving the ADA involve well-established constitutional and statutory rights.  In those cases, a disabled plaintiff's subjective intention to return to an establishment where a known barrier to access exists might be sufficient to demonstrate actual or imminent injury for purposes of standing.  *See Molski*

28 *v. Arby's Huntington Beach*, 359 F.Supp.2d 938, 946-47 (C.D. Cal. 2005) citing *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1137-38 (9th Cir. 2002).  Here, Plaintiff has cited no authority in support of the proposition that one incident of past harm is sufficient to demonstrate serious risk of future harm in the negligence or personal injury context.

6

1         Plaintiff argues that money damages are an inadequate remedy in this case because he does

2   not feel safe walking into the Windsor or Ukiah Home Depot Stores and will not feel safe until the

3   fixes to the PVC pipe racks proposed by his expert witness are implemented.  *See* Opp. at 11, citing

4   Fietz Decl.  Plaintiff argues that an injunction is required in order to compel Home Depot to change

5   its PVC piping displays to conform to his own safety expert's suggested design.

6         The Court is not persuaded by these arguments.  The question for purposes of this prong of

7   the test for injunctive relief is whether damages can compensate him for the injuries he suffered as a

8   result of this accident.  Plaintiff has made no showing that money damages will not compensate him

9   for his injuries.  Moreover, Plaintiff offers no legal support for the proposition that money damages

10  are an inadequate remedy in a personal injury action such as this one.

11        There are situations in which money damages may be inadequate and the standards for

12  seeking injunctive relief are modified – for example, constitutional violations, trade secret cases

13  involving threatened loss of prospective customers or goodwill, environmental harm and future

14  patent infringement.  *See generally* Schwarzer *et al.*, 2 Rutter Group Practice Guide: Federal Civil

15  Procedure Before Trial (The Rutter Group 2010) 13-26-13-34.  None of those circumstances is

16  present here.  To the contrary, money damages are routinely awarded in personal injury cases.

17  Because Plaintiff has made no showing of a real and  immediate threat of future injury, the Court

18  finds no justification for an injunction on the undisputed facts presented here.  *See City of Los*

19  *Angeles v. Lyons*, 461 U.S. 95, 101-02 (1983) (holding that the threat must be "'real and

20  immediate'" as opposed to "'conjectural' or 'hypothetical'").

21      **C.**    **Balancing Test**

22        Here, the Court concludes that the balancing of hardships favors Defendant.  Because

23  Plaintiff has demonstrated no real risk of ongoing or future harm, Plaintiff's interest in changing the

24  PVC rack designs at two of Home Depot's stores in order to provide him with peace of mind when

25  he shops at those stores, does not outweigh the expense, time and effort required by the Defendant to

26  determine the safest possible design of racks at Home Depot.  As Defendant points out, such a

27  process would require more than the Court simply adopting the design proposal proffered by

28  Plaintiff's consultant.  Such an injunction would require the Court to engage in investigation, testing

    and monitoring to ensure that any re-design at Home Depot's stores did not create new and

1  unintended risks.  Once that expensive process is done, Defendant would be required to implement

2  the result.  Plaintiff has offered no evidence to suggest that such an undertaking is required or

3  necessary in this case.[4]

D.  **Whether Public Interest is Served by an Injunction**

5  Because the Court has concluded previously that the Plaintiff has not established a risk of

6  continuing harm or any significant risk of irreparable future harm, the Court cannot find as a matter

7  of law, that the public interest would be served by issuing an injunction requiring Home Depot to

8  change its PVC pipe rack design to the design proposed by Plaintiff's expert.  The fact that only

9  three similar accidents have occurred at Home Depot in the entire State of California, suggests that

10  accidents involving the current design are unlikely to occur.

11  **V.  CONCLUSION**

12  For the foregoing reasons, the Defendant's Motion for Partial Summary Judgment is

13  GRANTED.  The motion hearing is VACATED; however, the Case Management Conference

14  remains scheduled for Friday January 21, 2011 at 3:00 p.m.

15  **IT IS SO ORDERED.**

16  Dated: January 19, 2011

17  JOSEPH C. SPERO
   United States Magistrate Judge

---

28  [4]Plaintiff's factual contention that the design proposed by his expert would be "very simple" and "low in cost to Home Depot" is disputed by Defendant.  Plaintiff's own opinion that his "proposed repair would cost the Home Depot zero dollars, and would take only five minutes or so of store staff time" is similarly disputed, and lacks foundation.